FILED

SEP 23 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNATHAN SAMUEL WILLIAMS,
Plaintiff,

vs.

DR. KURK, et al.,
Defendants.

No. C 10-02146 JF (PR)

ORDER OF PARTIAL DISMISSAL AND OF TRANSFER

Plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SQSP prison officials for unconstitutional acts. Plaintiff was granted leave to proceed in forma pauperis. (See Docket No. 3.) The Court dismissed the complaint with leave to amend to correct deficiencies in the second claim of his complaint. (See Docket No. 4.) Plaintiff filed an amended complaint. (Docket No. 9.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

In its initial screening order, (Docket No. 4), the Court found cognizable Plaintiff's first claim that he was "denied prompt and adequate dental treatment and forced to choose between the extraction of teeth or remaining in pain, in violation of the Eighth Amendment." (Id. at 2, citing Compl. Attach. at 11.) The Court dismissed Plaintiff's second claim that SQSP officials impeded the exercise of his First Amendment right of access to courts for failure to allege actual injury, and granted Plaintiff leave to amend to correct the deficiency. (Id. at 3.) Plaintiff's third claim was dismissed without prejudice to filing it in the Eastern District. (Id.)

The Court also curtailed Plaintiff's attempt to bring this action on behalf of himself and "all other similarly situation prisoners of the California Department of Corrections and Rehabilitations; CSP San Quentin," and denied class certification. (Id. at 2, citing Compl. at 2.) In his amended complaint, Plaintiff again asserts that he is seeking relief "for himself, and all other prisoners within the California Department of Corrections and Rehabilitation." (Am. Compl. at 1.) For the same reasons stated in the initial screening order, class certification is DENIED.

In his amended complaint, Plaintiff alleges ten other claims in addition to the

denial of adequate dental treatment and right of access to courts. Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2). On its face, Plaintiff's amended complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants. Furthermore, Plaintiff has failed to allege how each specific defendant acted to deprive him of his federal rights; his allegations are general and conclusory, with no supporting facts. Accordingly, the ten new causes of action raised in the amended complaint are DISMISSED without prejudice to filing as separate actions.

With respect to the second claim from his original complaint, *i.e.*, denial of access to the courts, the Court found the claim deficient because Plaintiff had failed to allege actual injury. Specifically, Plaintiff was given leave to amend to show "1) the inadequacy in the prison's legal access program that caused 2) actual injury to Plaintiff by identifying the non-frivolous claim which he was hindered from pursuing." (Id. at 3.) However, Plaintiff fails to do so in his amended complaint. Although he alludes to a habeas corpus action challenging his conviction and alleges that the litigation has been "complicated and unnecessarily protracted" by the lack of library access, (Am. Compl. at 21), he still fails to allege the "non-frivolous" claims he was hindered from pursuing in the alleged habeas action. Accordingly, this claim is DISMISSED for failure to state a claim.

The only claim cognizable is Plaintiff's Eighth Amendment claim against Defendants Dr. Kurk, Dr. McIntyre, and Dr. Wood. (Am. Compl. at 43-50.) However, it appears that these Defendants treated Plaintiff while he was incarcerated at the California Training Facility in Solana, (id. at 46), which is located in Solano County. Because the acts complained of occurred in Solano County, which lies within the venue of the Eastern District of California, venue properly lies in that district and not in this one. See 28

Case5:10-cv-02146-JF Document10 Filed09/23/11 Page4 of 5

U.S.C. § 1391(b).

**CONCLUSION**

For the reasons stated above, the Court orders this case TRANSFERRED to the United States District Court for the Eastern District of California. See 28 U.S. C. § 1406(a).

The Clerk shall terminate any pending motions and transfer the entire file to the Eastern District of California.

IT IS SO ORDERED.

DATED: 9/23/11

JEREMY FOGEL
United States District Judge

Order of Partial Dismissal and of Transfer
P:\PRO-SE\SJ.JF\CR.10\Williams02146_transfer.wpd 4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHNATHAN SAMUEL WILLIAMS,

Plaintiff,

v.

DR. KURK, et al.,

Defendants.

Case Number: CV10-02146 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/23/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Johnathan Samuel Williams K-46368
CA State Prison at San Quentin
3-N-36L
San Quentin, CA 94964

Dated: 9/23/11

Richard W. Wieking, Clerk
E. Garcia, Deputy Clerk